Pedro Orcasitas Muñoz, Appellant, *v.* Registrar of Property
of Caguas, Respondent.

No. 890. Submitted May 11, 1933.—Decided May 17, 1933.

*Andrés Mena* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A registrar of property refused to record a marshal's deed to a parcel of land sold under execution in a personal action brought by a mortgagee against the heirs of the mortgagor to recover the amount of the mortgage. Section 20 of the Mortgage Law forbids the recording of any conveyance by or in the name of a grantor whose title to the property in question has not been recorded. This section was modified by a Royal Decree of July 22, 1896, so as to permit the recording of deeds to property sold in a summary foreclosure proceeding. *Passalacqua Hermanos & Co.* v. *The Registrar of Property*, 6 P.R.R. 41, second edition; *Zayas* v. *The Registrar of Property,* 14 P.R.R. 589; *Orcasitas* v. *The Registrar of Property,* 21 P.R.R. 523, and *Zayas* v. *The Registrar of Property,* 28 P.R.R. 106.

Appellant quotes from 2 Galindo 214, (1903 ed.), to the effect that—

"Even though the Royal Decree of July 22, 1896, refers solely to the case of a foreclosure begun by a mortgagee, we are of the opinion that it may also apply to a case in which the execution has been begun at the instance of a personal creditor, inasmuch as when there is the same reason the same law should be applied."

We need not stop to inquire how far the soundness of the premise here involved may be affected by the difference

between a purely personal action and a summary proceeding *quasi in rem.* Conceding for the sake of argument only that the same reason for the rule may exist in either case, that fact is for the consideration of the Legislature. The plain terms of the Royal Decree cannot be expanded by judicial legislation to include purely personal actions.

Appellant's position is not strengthened by a quotation from Morell without reference to volume or page of his commentaries.

The ruling appealed from must be affirmed.